Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge If Other than Assigned Judge | Amy J. St. Eve |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5833 | **DATE** | 8/20/2003 |
| **CASE TITLE** | Suppressed vs. Suppressed | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Ex Parte Seizure Order, Temporary Restraining Order, Order to Show Cause for Preliminary Injunction, Order Sealing File, and Order Expediting Discovery. Enter Order Sealing file pending hearing on ex parte seizure order and TRO. Plaintiff's application to seal file pending hearing on Ex Parte Seizure Order and Temporary Restraining Order is granted. Case is sealed until 9/3/03 at 11:00 A.M. Plaintiff's Application for Ex Parte Seizure Order, Temporary Restraining Order, Order to Show Cause for Preliminary Injunction, and Order Expediting Discovery is granted. Temporary Restraining Order is in effect until 9/3/03 at 11:00 A.M. Show Cause Hearing and Preliminary Injunction Hearing set for 9/3/03 at 11:00 A.M. in Courtroom 2243 before Judge Hart. See attached Order for further details.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | 10 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| TH | courtroom deputy's initials | 03 AUG 20 PM 4:15 FILED FOR DOCKETING Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation, ) ) ) Plaintiff, ) ) v. ) ) A & E OIL, INC., d/b/a MOBIL, ) ) Defendant. ) ) ) ) ) | Civil Action No. 03C 5833 <br><br> Judge **JUDGE HART** <br><br> Magistrate Judge <br><br> **MAGISTRATE JUDGE MASON** <br><br> <u>JURY DEMANDED</u> <br><br> DOCKETED <br> SEP 0 8 2003 |

**[FILED UNDER SEAL]**

**[PROPOSED] ORDER SEALING FILE PENDING HEARING ON *EX PARTE* SEIZURE ORDER AND TEMPORARY RESTRAINING ORDER**

Having reviewed Plaintiff's Application To Seal File Pending Hearing On *Ex Parte* Seizure Order And Temporary Restraining Order, and good cause appearing therefore,

**IT IS ORDERED** that the Court's file in this action shall be sealed pending the hearing on Lorillard Tobacco Company's *ex parte* application for a seizure order and a temporary restraining order.

Dated this 20th day of ___August___, 2003.

_____
United States District Judge

\\chi-srv01\200365v01



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>A & E OIL, INC., d/b/a MOBIL,<br><br>Defendant. | Civil Action No. **03C 5833**<br><br>Judge **JUDGE HART**<br><br>Magistrate Judge **MAGISTRATE JUDGE MASON**<br><br>JURY DEMANDED<br><br>SEP 0 8 2003 |

[FILED UNDER SEAL]

[PROPOSED] *EX PARTE* SEIZURE ORDER, TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, ORDER SEALING FILE, AND ORDER EXPEDITING DISCOVERY

Plaintiff Lorillard Tobacco Company ("Lorillard") has applied *ex parte* for a seizure order pursuant to 15 U.S.C. § 1116(d), a temporary restraining order, and an order to show cause for preliminary injunction under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for the reason that Defendant A & E OIL, INC., d/b/a Mobil, appears to be selling or offering for sale goods bearing a counterfeit of Lorillard's registered trademarks. Having reviewed the Complaint, pleadings, moving papers, and declarations submitted by Lorillard, the Court finds that:

(a) Lorillard is likely to succeed in showing that Defendant used counterfeits of Lorillard's trademarks LORILLARD®, NEWPORT®, NEWPORT® (stylized), Spinnaker Design®, and NEWPORT and Design®, registered on the Principal Register in the United States Patent and Trademark Office (collectively, the "Lorillard Marks"), in

connection with the sale, offering for sale, and/or distribution of cigarettes within the United States;

(b) The sales of such merchandise bearing a counterfeit of said Lorillard Marks will result in an immediate and irreparable injury to Lorillard if a seizure of such counterfeit merchandise and the records pertaining thereto is not ordered;

(c) Defendant, or other persons acting in concert with the Defendant, may destroy, move, hide, or otherwise make the merchandise bearing a counterfeit of the Lorillard Marks inaccessible to the Court if Lorillard were to proceed on notice to Defendant, thus frustrating the ultimate relief Lorillard seeks in this action;

(d) The harm to Lorillard of denying the requested *ex parte* seizure order outweighs the harm to Defendant's legitimate interests of granting such an order;

(e) Lorillard has not published the proposed seizure order;

(f) Lorillard has provided the United States Attorney with reasonable notice of its application for this order;

(g) Lorillard has sufficiently identified Defendant and the location where they are likely to be holding and/or offering for sale merchandise bearing counterfeits of Lorillard's trademarks and records relating thereto; and

(h) Entry of an order other than an *ex parte* seizure order will not adequately achieve the purposes of 15 U.S.C. § 1114 to preserve to Lorillard its remedies for trademark infringement, including destruction of merchandise bearing counterfeits of Lorillard's trademarks, and recovery of Lorillard's lost profits and damages.

Therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants shall show cause (unless they waive the right to do so) before this Court, located at 219 S. Dearborn, Chicago, Illinois, Courtroom No. 2243 on Sept. 3, 2003 at 11:00 A.M., which date is set forth for good cause shown, or as soon thereafter as counsel can be heard, why an order should not be entered granting

2

Lorillard a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 that would:

(a) Enjoin and restrain Defendant and any of its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, from directly or indirectly:

(i) using any reproduction, counterfeit, copy, or colorable imitation of the Lorillard Marks in connection with the importation, sale, offering for sale, or distribution of cigarettes in the United States;

(ii) using the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same in any manner likely to cause others to believe that Defendants' products are connected with Lorillard or are genuine Lorillard products if they are not;

(iii) passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine Lorillard merchandise as and for genuine Lorillard merchandise;

(iv) committing any other acts calculated to cause purchasers to believe that Defendants' products are Lorillard's products;

(v) importing, shipping, delivering, distributing, holding for sale, returning, transferring, or otherwise moving or disposing of in any manner such cigarettes falsely bearing one or more of the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same; and

(vi) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) through (v); and

(b) Impound, in the custody of Lorillard's counsel, as substitute custodian for the Court during the pendency of this action or until further order of this Court, the

3

cigarettes or other items seized pursuant to the provisions of this Order hereinafter set forth; and

(c) Order Defendant to deliver up to Lorillard's counsel for impoundment, pursuant to this Court Order, all such items or things bearing counterfeits of the Lorillard Marks remaining in their possession, custody or control as determined by the U.S. Marshall upon consultation with counsel for, or a representative of, Lorillard.

**IT IS ORDERED, ADJUDGED, AND DECREED** that, pending the hearing on Lorillard's application for a preliminary injunction, Defendant and any of its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receives actual notice of this Order by personal service or otherwise, are hereby temporarily restrained from (1) committing any of the acts set forth in paragraphs (i) through (vi) of the preceding section (a), and (2) other than pursuant to a discovery instrument propounded by Lorillard or an order of this Court, moving, destroying, or otherwise disposing of any goods, boxes, labels, packaging or other items or documents bearing any reproduction, counterfeit, or imitation of the Lorillard Marks, or (3) removing, destroying, or otherwise disposing of any business records or documents relating in any way to the manufacture, importation, acquisition, purchase, distribution, or sale of goods or merchandise bearing any of the Lorillard Marks or any reproduction, counterfeit, or imitation thereof.

**IT IS FURTHER ORDERED** that the temporary restraining order shall remain in effect until the date for the hearing on the order to show cause set forth above or on any such further date set by the Court.

**IT IS FURTHER ORDERED** that pursuant to 15 U.S.C. § 1116(d)(1)(A), on or before August 27 2003, any United States Marshall, his or her deputy, or any other federal, state, or local law enforcement officer, accompanied by Lorillard's counsel and/or persons acting under its supervision, is hereby directed to seize and impound forthwith:

4

(a) All cigarettes and any other such goods or merchandise in Defendant's possession, custody, or control, bearing or intended to bear any counterfeit, copy, or substantially indistinguishable imitation of one or more of the Lorillard Marks;

(b) All means of making any counterfeits, copies, or substantially indistinguishable designations of or for any Lorillard Marks;

(c) All records documenting or reasonably appearing to document or relate to the manufacture, importation, purchase, sale, distribution, or receipt of any merchandise bearing any of the Lorillard Marks, or other things involved in such merchandise, and all such records and things under the control of Defendant found at:

> 3642 West 79th Street
> Chicago, Illinois.

**IT IS FURTHER ORDERED** that the United States Marshall or other law enforcement officer accomplishing such seizure shall employ whatever reasonable force is necessary to enter the premises of Defendant identified above and to inspect the contents of any vehicles, containers, desks, or documents located on the premises where any potentially counterfeit items may be stored.

**IT IS FURTHER ORDERED** that Lorillard's counsel and/or persons acting under its supervision, while on Defendant's premises and inspecting the products in Defendant's possession, custody, or control, shall make a good faith determination as to whether such products are counterfeit or are genuine Lorillard products. Only products bearing a counterfeit, copy, or substantially indistinguishable imitation of one or more of the Lorillard Marks shall be seized and impounded pursuant to this Order. Genuine Lorillard products shall not be seized. If, after a good faith inspection of the products in Defendant's possession, custody, or control, Lorillard's counsel and/or persons acting under its supervision remain uncertain as to the products' authenticity, Lorillard's counsel and/or persons acting under its supervision may seize and impound such

5

products, but Lorillard must immediately replace these seized products of uncertain authenticity with an equal amount of genuine Lorillard products.

**IT IS FURTHER ORDERED** that Lorillard or its agents shall inspect all items seized, and if any items are found to be genuine products, such items are to be returned to Defendant as soon as reasonably possible, but in no event later than seven (7) court days after the date of such seizure pursuant to the terms of this Order.

**IT IS FURTHER ORDERED** that any such merchandise or means of making such merchandise or records and things seized shall be appropriately packaged to permit identification, that Defendant shall be given a receipt therefor, and such merchandise, records or things shall be impounded in the custody or control of the U.S. Marshall, unless in the U.S. Marshall's sole discretion, he prefers that it repose in the custody of Lorillard's counsel, in which event it shall repose in the custody of Lorillard's counsel, as substitute custodian for the Court, pending further order of this Court, and shall be made available for inventory or inspection by any party or its counsel during normal business hours.

**IT IS FURTHER ORDERED** that Lorillard shall post a bond by a check from Plaintiff's counsel payable to the Clerk of the Court in the amount of $ 500.00 as security for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure, or restraint hereunder.

**IT IS FURTHER ORDERED** that service of a copy of this Order, the Complaint, the Application and all supporting declarations, exhibits and memoranda of points and authorities be made upon Defendant consistent with 15 U.S.C. § 1116(d)(9) and in a manner consistent with service of process requirements in the State of Illinois, at the time of seizure. If a party is not present at the seizure, Lorillard shall, within three (3) court days after the seizure, serve any Defendant not served at the time of the seizure either personally or at their place of business or residence by leaving such document

6

with a person of at least 18 years of age or by serving any agent of Defendant authorized to receive service of process.

**IT IS FURTHER ORDERED** that Defendant's answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Lorillard by delivering copies to the offices of Greenberg Traurig, P.C., 77 West Wacker Drive, Suite 2500, Chicago, Illinois 60601, Fax: (312) 456-8435, to the attention of John S. Pacocha.

**IT IS FURTHER ORDERED** that this action shall remain sealed by the Court until service on Defendant or the date for the hearing of the order to show cause, at which time the Clerk may remove the seal and secrecy order, and that Lorillard shall withhold publication of the instant Order, this action, and seizure, until the date for hearing of the order to show cause.

**IT IS FURTHER ORDERED** that, good cause having been shown, deposition and written discovery by any party herein may begin immediately.

Defendant is warned that any act by them in violation of any of the terms of this Order after proper notice to Defendant, may be considered and prosecuted as contempt of this Court.

Dated this 20 day of August, 2003.

_____
United States District Judge

\\chi-srv01\200372v01

7