IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>A & E OIL, INC., d/b/a MOBIL, an Illinois Corporation, and<br><br>Thomas Kuruvilla, Jose Kurian and Emmanuel Joseph, individuals,<br><br>*Defendants.* | Civil Action No. 03C 5833<br><br>Judge Hart<br><br>Magistrate Judge Mason<br><br><u>JURY DEMANDED</u> |

## NOTICE OF MOTION

To: Carlton E. Odim, Esq.
Odim & Malavia, P.C.
19 South La Salle Street
Suite 1402
Chicago, IL 60603

PLEASE TAKE NOTICE that on December 29, 2004 at 11:00 a.m. before the Honorable Judge Hart, Room 2243, 219 S. Dearborn, Chicago, Illinois, Plaintiff Lorillard Tobacco Company presented/will present **PLAINTIFF'S MOTION TO FREEZE ASSETS**, a copy of which is hereby served upon you.

**LORILLARD TOBACCO COMPANY**

By: _____
One of Their Attorneys

John S. Pacocha
Cameron M. Nelson
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
(312) 456-8400

## CERTIFICATE OF SERVICE

I, Ana M. Chew, certify that on December 20, 2004, a true and correct copy of this **MOTION TO FREEZE ASSETS OF A&E OIL, INC.** was served on the individual below via Facsimile and First-Class mail:

>Carlton E. Odim, Esq.
>Odim & Malavia, P.C.
>19 South La Salle Street
>Suite 1402
>Chicago, IL 60603

By: _____
Ana M. Chew

chi-fs1\423310v01

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 03C 5833<br>)<br>) Judge Hart |
| A & E OIL, INC., d/b/a MOBIL, an Illinois Corporation, and | )<br>) Magistrate Judge Mason<br>) |
| Thomas Kuruvilla, Jose Kurian and Emmanuel Joseph, individuals, | ) JURY DEMANDED<br>)<br>) |
| Defendants. | ) |

FILED DEC 20 2004 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

DOCKETED DEC 30 2004

## MOTION TO FREEZE ASSETS OF A&E OIL, INC.

Plaintiff Lorillard Tobacco Company ("Lorillard") moves to restrain further transfer of the assets of A&E Oil, Inc., Thomas Kuruvilla and Emannuel Joseph, pursuant to Fed.R.Civ.P. 65, and for an order that certain discovery regarding the disposition of assets be produced. Defendant A&E Oil, Inc. has sold off its primary asset – namely the gas station at which the counterfeit cigarettes that are subject of this lawsuit were discovered – and passed those assets on to its shareholders. Lorillard requests that this Court freeze A&E Oil, Inc.'s assets, and permit discovery into the transfer of assets to begin immediately. In support of this motion, Lorillard states:

1. This case was filed in August, 2003, alleging the sale of counterfeit cigarettes. Lorillard obtained counterfeit cigarettes from the Defendants prior to filling the lawsuit, and seized additional counterfeit cigarettes from the Defendants when executing a seizure order issued by the Court.

2. Discovery initially did not progress smoothly, due to Defendants' lack of cooperation,



forcing Lorillard to file multiple motions to compel and for sanctions in this case. After Defendants obtained new counsel, Defendants produced new evidence which prompted an additional round of depositions, and which further prompted significant third party discovery.

3. During a recent deposition, Thomas Kuruvilla, an officer of A&E Oil, Inc., stated that the corporation had sold the gas station in question and was no longer operating a business. (Deposition of Thomas Kuruvilla, Exhibit 1, 54:15-54:20, 83:19-88:21, 111:11.) Thomas Kuruvilla further stated that the proceeds of the sale had been distributed equally between himself and Emanuel Joseph, another officer of A&E Oil, Inc.

4. A court has authority to issue a pre-judgment order restraining a defendant's assets whenever equitable relief is available. *Levi Strauss & Co. v. Sunrise Int'l Trading*, 51 F.3d 982, 987 (11th Cir. 1995). This type of order is commonly entered in Lanham Act counterfeiting cases. *Gianni Versaci, S.p.A. v. Awada*, 2004 WL 830414, *1 (9th Cir. 2004). While Courts generally may not enter a pre-judgment injunction freezing assets where only legal (as opposed to equitable) remedies are sought, *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999), this does not prevent a court from freezing assets where the plaintiff has the option of seeking both equitable and legal relief. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002). Particularly, in *CSC Holdings*, the plaintiff had the option of seeking "statutory damages, actual damages, or an accounting and profits remedy." *Id.* Lorillard's Complaint seeks these same remedies in this case.

5. Thomas Kuruvilla's testimony makes it clear that that assets of A&E Oil have been transferred to him, and possibly further transferred and intermixed with funds of another entity. If the corporation's assets are allowed to further dissipate, the Court runs the risk of entering a judgment on which Lorillard can never collect.

6. An order freezing the A&E Oil's assets would impose less of a hardship on the Defendants than not granting the order could cause Lorillard. The proposed order is limited to A&E Oil's assets or former assets, regardless of who currently has them. It further provides that A&E Oil, Inc. may use these assets to continue its business (if any). Without the order, Lorillard may never recover on its forthcoming judgment. Moreover, this type of order prevents A&E Oil from benefiting from its delays in discovery, which have effectively allowed it to forestall an inevitable judgment while it disposes of its assets.

WHEREFORE, Lorillard requests that the Court enter an Order freezing the A&E Oil, Inc.'s assets, and ordering Defendants to produce, within five (5) days, the financial information specified in the Proposed Order attached as Exhibit 2.

Dated: December 20, 2004                    LORILLARD TOBACCO COMPANY

                                            By: _____
                                            John S. Pacocha
                                            Cameron M. Nelson
                                            Greenberg Traurig, P.C.
                                            77 West Wacker Drive
                                            Suite 2500
                                            Chicago, Illinois 60601
                                            (312) 456-8400 Telephone
                                            (312) 456-8435 Facsimile

chi-fs1\423305v01

*See Case File For Exhibits*